IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNELL L. WARREN )<br><br>Plaintiff )<br><br>vs. )<br>MARDI VINCENT, SALVATORE )<br>CARDENZA, )<br><br>Defendants )<br><br>) | Civil Action No. 08-250<br>Judge Kim R. Gibson<br>Magistrate Judge<br>Lisa Pupo Lenihan<br><br><br><br>Re: Doc. No. 20 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the Plaintiff's Motion
for a Temporary Restraining Order be denied.

### II.  REPORT

### A.  Relevant Procedural History

Cornell Warren(Plaintiff), has filed a civil rights
complaint pursuant to 42 U.S.C. § 1983. Because Plaintiff has
failed to provide the necessary service forms, the amended
complaint that he filed on November 6, 2008 has not yet been
served. On November 10, 2008 he filed a motion asking for a
Temporary Restraining Order(Doc. No. 20). The motion asserted
that Plaintiff was being subjected to verbal, emotional, and
mental abuse while being transferred to and from his dialysis
treatments. He failed to detail this in any specificity in his

motion.

On January 16, 2009, the Court held a telephone hearing regarding Plaintiff's motion. Attorney Scott Bradley, from the office of the Pennsylvania Attorney General, was kind enough to set up the hearing, even though his clients had not yet been served in the case. Also in attendance at the hearing were Captain Caleb Wilt and Sergeant Lohr. By way of relief, Plaintiff sought in his motion an order directing that he be moved to another facility.

The Court asked Plaintiff to provide it with specific incidents to warrant his belief that he is in danger of immediate and irreparable harm.. Plaintiff stated that he was rendered unconscious while in the exercise yard (caused by low blood sugar) and believes he laid on the ground up for 50 minutes before anybody came out to retrieve him. He was, however, not certain of the time frame because he was not conscious. Sergeant Lohr testified that there was an officer in the yard with approximately 7 inmates at the time. He was not provided with any information that would indicate that Plaintiff was unconscious on the ground for an extended period. It was his belief that the officer in charge of the yard would have attended to plaintiff immediately and he did not have any reason to believe otherwise. He had personal knowledge that by 9:30 a.m. Plaintiff was back in his cell and had been seen by a medical

officer. Prisoners were taken to the yard between 7:40 and 8 am.
Plaintiff further testified that from May to July 2008, while he
was being transferred back and forth from SCI – Somerset for his
dialysis treatment, he was abused by the transporting officers.
He was unable to provide any additional information of attacks or
threats, or anything to substantiate his fear of future attacks.
He stated his belief that Captain Wilt told of those who worked
for him to "get on plaintiff" as much is possible. Captain Wilt
denied that this was the case and further testified that
plaintiff is videotaped every time he is moved within the
institution. He was not aware of any instances of abuse. Although
asked repeatedly, Plaintiff did not have a request of the Court
other than that he be transferred to another institution.  After
hearing the testimony, it is this Court's opinion that Plaintiff
has failed to carry his burden of demonstrating that he is
entitled to the extraordinary relief of an injunction.

## B.  **Applicable Legal Standards**

In determining whether an injunction or a temporary
restraining order is warranted, a court must consider:  (1)
whether the movant has shown a reasonable probability of success
on the merits;  (2) whether the movant will be irreparably harmed
by denial of the relief; (3) whether granting preliminary relief
will result in even greater harm to the nonmoving party;  and (4)
whether granting the preliminary relief will be in the public

3

interest. <u>American Civil Liberties Union v. Reno</u>, 217 F.3d 162,
172 (3d Cir. 2000), <u>vacated</u> <u>on</u> <u>other</u> <u>grounds</u> <u>and</u> <u>remanded</u> <u>sub</u>
<u>nom</u>., <u>Ashcroft v. American Civil Liberties Union</u>, 535 U.S. 564
(2002). More specifically with regards to the fourth prong, one
seeking preliminary relief must show that the issuance of the
injunctive relief would not be adverse to the public interest.
<u>Dominion Video Satellite, Inc. v. Echostar Corp.</u>, 269 F.3d 1149,
1154 (10th Cir. 2001).    It "frequently is observed that a
preliminary injunction is an extraordinary and drastic remedy,
one that should not be granted unless the movant, by a clear
showing, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>,
520 U.S. 968, 972 (1997)(emphasis deleted).

    Further, it is well established general law with respect to
equitable injunctive relief that the Court is to bear constantly
in mind that an "[i]njunction is an equitable remedy which should
not be lightly indulged in, but used sparingly and only in a
clear and plain case." <u>Plain Dealer Publishing Co. v. Cleveland
Type. Union # 53</u>, 520 F.2d 1220, 1230 (6th Cir. 1975), <u>cert</u>.
<u>denied</u>, 428 U.S. 909 (1977). As a corollary of this principle
that preliminary injunctions should issue only in a clear and
plain case, our Third Circuit Court of Appeals has observed that
"upon an application for a preliminary injunction to doubt is to
deny." <u>Madison Square Garden Corp. v. Braddock</u>, 90 F.2d 924, 927
(3d Cir. 1937). <u>See</u> <u>also</u> <u>Spirol Int'l Corp. v. Vogelsang Corp.</u>,

652 F.Supp. 160, 161 (D.N.J. 1986).). Moreover, it is plaintiff's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992). With respect to the "irreparable harm" prong of proving entitlement to a TRO, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir. 1976). Additionally, in carrying his burden to show irreparable harm, a "plaintiff must make a clear showing that irreparable harm will occur immediately. *See* ECRI v. McGraw- Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987). For "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup, 977 F.2d at 91 (internal quotations omitted). Indeed, the Court of Appeals for the Third Circuit "insisted that the risk of irreparable harm must not be speculative." Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir. 2000).

## C. **Discussion**

Even assuming that this Court has the authority to order the Department of Corrections or the Bureau of Prisons to house an

inmate at any particular location, which the Court believes it does not, Plaintiff fails to show the irreparable harm necessary to justify such extraordinary relief. In addition, the Court believes that if Plaintiff is to receive his dialysis treatments, he needs to remain at SCI-Laurel as they are not available elsewhere. Plaintiff does not state any specific acts that have violated his rights or that will cause him further harm. Plaintiff does not specify an "irreparable injury" and "mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d at 110 (3d Cir. 1976). Plaintiff's bald and conclusory statements are insufficient. See, e.g., M & G Electronics Sales Corp. v. Sony, 250 F.Supp.2d 91, 105 (E.D.N.Y. 2003)(statement by plaintiff seeking TRO that it "will suffer immeasurable and irreparable injury" constituted a "conclusory statement [which] is insufficient to show irreparable harm."). Plaintiff simply has not "by a clear showing, carrie[d] the burden of persuasion." Mazurek v. Armstrong, 520 U.S. at 972 (emphasis deleted).

For the foregoing reasons, Plaintiff's petition for emergency injunction should be denied.

### III.  **CONCLUSION**

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written

objections to this report.  Any party opposing the objections shall have ten (10)days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: January 20, 2009

cc:    **CORNELL L. WARREN**
       FH-4385
       SCI Laurel Highlands
       5706 Glades Pike
       Somerset, PA 15501