IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Cornell L. Warren, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-250J |
| | ) | |
| v. | ) | Judge Kim R. Gibson |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| MARDI I. VINCENT, Superintendent; and | ) | |
| SALVATORE CARDENZA, Sergeant, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

For the reasons stated below, it is respectfully recommended that Defendants' motion for judgment on the pleadings be granted with respect to the Equal Protection claim against Defendant Vincent. It is further recommended that Plaintiff be given twenty (20) days in which to file an amended complaint with respect to his Eighth Amendment claim against Defendant Vincent, in order to set forth any additional clearly-identified causes of action that both identify Plaintiff's legal theories, as well as facts suggestive of the proscribed conduct alleged. It is further recommended that in the absence of amendment within the twenty (20) day period, Defendants' motion be granted with respect to all claims against Defendant Vincent. It is further recommended that, in the event of amendment, said motion may be re-filed, at Defendants' discretion, within twenty (20) days from the date of the amended complaint. It is further recommended that Defendants' motion for judgment on the pleadings be denied with respect to Defendant Cardenza.

**II. REPORT**

Plaintiff Cornell L. Warren ("Plaintiff"), an inmate currently housed at the State Correctional Institution at Laurel Highlands ("SCI-Laurel Highlands"), filed this civil action *pro se* pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Named as defendants are Mardi I. Vincent and Salvatore Cardenza ("Defendants"), two current and/or former employees of the Pennsylvania Department of Corrections ("DOC"). Plaintiff initially filed this suit on October 14, 2008, in the United States District Court for the Middle District of Pennsylvania. See, generally, Compl. (Doc. No. 1). Leave to proceed *in forma pauperis* ("IFP") was granted on October 24, 2008. Doc. No. 9. Finding that venue was improper in the Middle District of Pennsylvania, United States District Judge Sylvia Rambo transferred this case to the Western District on October 29, 2008. Doc. No. 12.

Plaintiff filed an amended complaint on November 6, 2008. In this document, Plaintiff avers that, on December 13, 2007, he was involved in a physical altercation with four corrections officials at SCI-Laurel Highlands: Captain Wilt, Sergeant Lester, Sergeant Lickdenfeld, and C.O. Acey. See Am. Compl. (Doc. No. 14), at ¶ 2A. As a result of this altercation, Plaintiff pleaded guilty to two counts of simple assault in the Court of Common Pleas of Somerset County, Pennsylvania. See id.; see also Answer (Doc. No. 36), at 2.

Plaintiff alleges that he has been "harassed both mentaly [*sic*] and physically." by unnamed assailants in response to the 2007 assault. Doc. No. 14 at ¶ 2B. Because of this alleged harassment, Plaintiff wrote to both Defendant Vincent and DOC Secretary Jeffrey Beard, requesting to be transferred to another correctional facility. Id. at ¶¶ 2B-2C. This request was denied because Plaintiff has a medical condition that requires dialysis, and SCI-Laurel Highlands is the only DOC facility capable of providing that treatment. Id. at ¶ 2C; Doc. No. 1 at 6.

Plaintiff responded that it was possible for him to be transferred to a federal facility pursuant to 18 U.S.C. § 5003, or to send him to a prison in another State pursuant to the 'Interstate Correctional [*sic*] Compact.'[1]  Doc. No 14 at ¶ 2C.  Plaintiff alleges that Defendant Vincent knew about these avenues, through which Plaintiff could be transferred to another facility that was capable of providing medical treatment to him.  However, "because of [Defendant Vincent's] deliberate indifference" to his plight, Plaintiff remained at SCI-Laurel Highlands, where he avers he continued to suffer physical and mental harassment, including being the target of racial slurs.  Id.

Plaintiff further states that, on or about May 12, 2008, he was the subject of a cell extraction.[2]  Id. at ¶ 2D.  He claims that while he was in the prone position during the extraction, an unnamed corrections officer "laid the electrical shield on [him] and shocked [him]".  Id.  Plaintiff alleges that after the shield was removed, Defendant Cardenza climbed on his back, whispered "this is for Captain Wilt" in his ear, and broke the ring finger on his right hand while handcuffing him.  Id.

After the cell extraction incident, Plaintiff was transferred to the State Correctional Institution at Somerset ("SCI-Somerset").  Id. at ¶ 2E.  While housed at SCI-Somerset, he was

---

[1] The Interstate Corrections Compact is an agreement between various States that allows for the transfer of inmates from a correctional facility in one compact State to a facility in another.  See 61 Pa.C.S.A. §§ 7101-03.

[2] There is some question about the exact date of the cell extraction.  Plaintiff initially stated that it was on May 12, 2008.  See Doc. No. 14 at ¶ 2D.  However, Defendants refer to the extraction as happening on two dates in their answer: first on May 16, 2008, see Doc. No. 36 at ¶ D, and later in that document on May 12, 2008.  See id. at ¶ E.  Plaintiff acknowledges that the incident may have occurred on either May 12 or 16.  See Pl.'s Resp. to Def.s' Answer (Doc. No. 39), at ¶ 3.

routinely sent back to SCI-Laurel Highlands for dialysis, during which time Plaintiff avers he was subjected to physical and mental harassment at the hands of unnamed corrections officers who were "friends or cohorts of Sgt. Cardenza." Id.  On September 3, 2008, Plaintiff was transferred back to SCI-Laurel Highlands.  Plaintiff avers that he continues to be subjected to "mental, physical and emotional abuse" at the hands of unnamed assailants at that correctional facility. Id.

    A.  Standard of Review

When adjudicating a motion for judgment on the pleadings made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a court applies the same standard that it would in for a motion to dismiss for failure to state a claim under Rule 12(b)(6).  See e.g. Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir.1991).  Thus, as in a 12(b)(6) motion, this Court must dismiss this complaint if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This is not to say that "heightened fact pleading of specifics . . ." are required in order to state a claim properly. Id. at 570.  However, "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

A court must accept as true all allegations of the complaint, and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.  See Angelastro v. Prudential-Bache Sec, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  However, a court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d

Cir. 2004).  Nor must a court accept legal conclusions set forth as factual allegations.  See Twombly, 550 U.S. at 555.  Furthermore, it is improper for a court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  A plaintiff's claims must support a cause of action as a matter of law: claims that do not must be dismissed.  Cf. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).

The United States Court of Appeals for the Third Circuit has recently held that, when determining whether to dismiss a complaint for failing to state a claim upon which relief can be granted, a district court should apply a two-part test in order to determine whether a pleading's recitation of facts is sufficient.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  "First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Id. at 210-11 (citing Iqbal, 129 S.Ct. at 1949).  "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'"  Fowler, 578 F.3d at 211 (quoting Iqbal, 129 S.Ct. at 1950).

Additionally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  In a section 1983 action, a court must liberally construe a *pro se* litigant's pleadings and 'apply applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.'  Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d. Cir. 1999)).  "Since this is a § 1983 action, the [*pro se*]

plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution." Higgins, 293 F.3d at 688 (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).

Finally, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). This was originally a reaction to the rule requiring heightened factual pleading in civil rights cases. See id. (citing Darr v. Wolfe, 767 F.2d 79, 80-81 (3d Cir. 1985) (requiring district court to exercise their discretion to allow *pro se* plaintiffs to amend their claims to avoid dismissal)); see also Dist. Council 47 v. Bradley, 795 F.2d 310, 316 (3d Cir. 1986) (extending the *pro se* amendment rule to counseled complaints). This rule remains, and has been periodically affirmed, even after the Supreme Court's 1993 decision in Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993), which abrogated the heightened pleading rule in civil rights cases. See Fletcher-Harlee Corp., 482 F.3d at 252 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).

    B.  Analysis

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements: 1) the alleged misconduct must have been committed by a person acting under color of state law; and 2) the defendants' conduct deprived the plaintiff of rights, privileges, or

immunities secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).  Defendants argue that judgment should be granted in favor of Defendant Vincent with respect to Plaintiff's claims against her because Plaintiff failed to allege any personal involvement by Defendant Vincent in the alleged deprivation of his federally protected rights.  See Br. in Supp. of Corrections Def.s' Mot. for J. on the Pleadings (Doc. No. 38), at 2-4.

### 1. Eighth Amendment Claim Against Defendant Vincent

It is well established that no liability exists under section 1983 solely by means of vicarious liability or *respondeat superior*.  Shaw v. Stackhouse, 920 F.2d 1135, 1147 (3d Cir. 1990).  Instead, in order for section 1983 liability to attach, a plaintiff must show that a defendant was personally involved in the deprivation of his or her federal rights.  See Evancho v. Fisher, 423 F.3d 347,353 (3d Cir. 2005).  In cases involving a supervisory or reviewing defendant, personal involvement may be shown through "'allegations of personal direction or of actual knowledge and acquiescence.'"  Id. at 353 (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)).

Additionally, a state official in a supervisory role has no affirmative constitutional duty to supervise or discipline subordinates so as to prevent the violation of constitutional rights.  See Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990).  However, in cases where a supervising official knowingly permits a continuing custom or policy that results in harm to a plaintiff, section 1983 liability may attach.  See Colburn v. Upper Darby Twp., 838 F.2d 663, 673 (3d Cir. 1988), *overruled in part on other grounds by* Leatherman, 507 U.S. at 168.  At a

minimum, such liability attaches "'only where there are both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate.'" Colburn, 838 F.2d at 673 (quoting Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).

Plaintiff fails to allege any personal involvement by Defendant Vincent in the alleged assault by Defendant Cardenza, or in any of the physical and mental harassment that he claims to have experienced at the hands of unnamed assailants.  Additionally, Plaintiff's amended complaint does not allege facts that, if proven true, would support the conclusion that Defendant Vincent had contemporaneous knowledge of any assault on him, or a pattern of such assaults, or that she, thorough her inaction, communicated a message of approval to her subordinates.  It is true that Plaintiff does state in one of his responses to Defendants' motion for judgment on the pleadings that Defendant Vincent was aware that he had been physically assaulted by unnamed corrections officers, and her lack of action encouraged further assaults.  See Plafendants [*sic*] Mot. to Ans. Def.s' Mot. for J.  (Doc. No. 45), at ¶¶ 1-2.  However, these statements are merely conclusory repetitions of legal standards.  Without making allegations of facts to support these conclusions, Plaintiff fails to state a claim that Defendant Vincent has violated his rights under the Eighth Amendment to the Constitution of the United States.

As stated above, the United States Court of Appeals has taken, and repeatedly re-affirmed, the cautious position that a Plaintiff must be given an opportunity to amend a deficient civil rights complaint, unless doing so would be futile or inequitable.  Fletcher-Harlee Corp., 482 F.3d at 251.  In the case *sub judice*, it does not appear that it would be futile to allow Plaintiff to

amend his complaint to meet the factual pleading requirements outlined in Fowler. Given the facts already pleaded by Plaintiff with respect to the Eighth Amendment claim against Defendant Vincent, it does not appear that the grant of leave for Plaintiff to file an amended complaint would necessarily be futile. Furthermore, it is unlikely that Defendants would be unduly prejudiced if Plaintiff were granted leave to amend his complaint at this early stage in the litigation of this suit. As such, plaintiff should be given twenty (20) days from the issuance of a memorandum order in which to file an amended complaint with the Court.

### 2. Equal Protection Claim Against Defendant Vincent

Plaintiff argues that Defendant Vincent's failure to transfer him to another correctional facility after the original December 13, 2007, physical altercation involving Captain Wilt constitutes a violation of his right to equal protection. See Doc. No. 1 at 2. Plaintiff alleges that it is DOC policy to transfer prisoners who were involved in assaults against corrections officers to another correctional facility. See Pl. Answer to Mot. to Dismiss and Memo. of Law (Doc. No. 48) at 1. Defendants respond that Plaintiff presents "no justiciable claim" in his request to be transferred from SCI-Laurel Highlands, noting Plaintiff's medical need for dialysis, and the fact that SCI-Laurel Highlands is the only facility in the DOC equipped to provide such a treatment. See Doc. No. 38 at 6. Defendants further argue that this court must apply "appropriate consideration . . . to the principles of federalism" along with deference to Defendant Vincent's discretion in deciding not to transfer Plaintiff, because "the federal courts are not overseers of the day-to-day management of prisons." Id. at 5 (internal quotes and citations omitted).

The United States Supreme Court has held that "[t]he Equal Protection Clause of the

Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). "The Equal Protection Clause was intended to work nothing less than the abolition of all caste-based and invidious class-based legislation." Plyer, 457 U.S. at 213.  The level of scrutiny applied to ensure that classifications made by the state comply with this guarantee differs depending on the nature of the classification.  Classifications involving suspect or quasi-suspect class, or impacting certain fundamental constitutional rights, are subject to heightened or "strict" scrutiny. City of Cleburne, 473 U.S. at 439.  Other classifications are subject to the "rational basis" test, which requires that a classification need only be rationally related to a legitimate state interest to survive an equal protection challenge.  F.C.C. v. Beach Communications, Inc., 508 U.S. 307, 313 (1993) (statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts).

In the issue *sub judice*, Plaintiff has failed to allege that he is a member of any class, protected or otherwise.  To the contrary, Plaintiff's filings with this Court indicate that his complaint refers to treatment that he has received as an individual.  See Doc. No. 48 at 1-2.  As such, Plaintiff apparently proceeds in his equal protection claim under the theory that he is a class of one.  Such a legal theory may be cognizable under the law, but requires a plaintiff to make factual allegations supporting the conclusions that : (1) the plaintiff was intentionally treated differently from others similarly situated by the defendant; and (2) that there was no

-10-

rational basis for such treatment. Phillips v. County of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008).

Plaintiff fails to meet this burden in his pleadings. Instead, the facts alleged by Plaintiff clearly show that there is a rational basis for him not to be transferred. Plaintiff has a medical condition that requires dialysis, and that treatment can be provided by the DOC only at SCI-Laurel Highlands. This reason passes the rational basis test required under Phillips. As such, Plaintiff's claim on this issue fails the second prong of the class-of-one pleading requirement as a matter of law.[3] Furthermore, given the facts that have already been pleaded by Plaintiff, it would be futile to allow him leave to amend this claims. For these reasons, judgment on the pleadings should be granted to the Defendants with respect to Plaintiff's equal protection claim against Defendant Vincent.

### 3. New Claims Raised in Response to Motion for Judgment on the Pleadings

Plaintiff adds an additional legal theory of recovery his second response to Defendants' motion for judgment on the pleadings, arguing that Defendant Vincent's failure to transfer him constitutes a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq* ("ADA"). See Pl. Answer to Mot. to Dismiss and Mem. of Law (Doc. No. 48), at 2. This Court will not address that argument here, because Plaintiff's second response brief is not a responsive pleading for the purposes of Rule 7 of the Federal Rules of Civil Procedure. Under normal circumstances, pursuant to Rule 15(a)(2) for the Federal Rules of Civil Procedure, at this stage in

---

[3] Additionally, Plaintiff fails to allege that other prisoners who have been involved in assaults on corrections officers, and were subsequently transferred according to DOC policy, were sent to correctional institutions in the federal system or in another State.

the litigation of this case Plaintiff would be required to seek leave of the court in order to file an amended complaint. This would be required to come in the form of a motion for leave to amend the complaint, and be supplemented by an attached proposed amended complaint that would include a statement of all of the facts necessary to support Plaintiff's claims, all legal theories of relief, and all forms of relief sought by the Plaintiff. See Fed. R. Civ. P. 8(a). However, in light of the recommendation that Plaintiff be allowed to amend his complaint with respect to his Eighth Amendment claim against Defendant Vincent, it is further recommended that he be given leave to include in that amended complaint all additional clearly-identified causes of action that both identify the legal theories under which he intends to proceed, as well as facts suggestive of the alleged proscribed conduct by Defendants.

        4. Defendant Cardenza

Although Defendant Cardenza is named as a movant in the motion for judgment on the pleadings currently before this Court, no argument is made on his behalf. See Doc. No. 37 and 38. Therefore, assuming that Defendants were moving for judgement on the pleadings for Defendant Cardenza, said motion should be denied with respect to all claims against him.

### III.   CONCLUSION

For the reasons stated above, it is respectfully recommended that Defendants' motion for judgment on the pleadings be granted with respect to the Equal Protection claim against Defendant Vincent. It is further recommended that Plaintiff be given twenty (20) days in which to file an amended complaint with respect to his Eighth Amendment claim against Defendant

Vincent, in order to set forth any additional clearly-identified causes of action that both identify Plaintiff's legal theories, as well as facts suggestive of the proscribed conduct alleged. It is further recommended that in the absence of amendment within the twenty (20) day period, Defendants' motion be granted with respect to all claims against Defendant Vincent. It is further recommended that, in the event of amendment, said motion may be re-filed, at Defendants' discretion, within twenty (20) days from the date of the amended complaint. It is further recommended that Defendants' motion for judgment on the pleadings be denied with respect to Defendant Cardenza.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated:  October 21, 2009                By the Court:

_____
LISA PUPO LENIHAN
United States Magistrate Judge

cc:     Cornell L. Warren
        FH-4385
        SCI-Laurel Highlands
        5706 Glades Pike
        Somerset, PA 15501

        counsel of record