IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNELL L. WARREN, | ) |
| Plaintiff, | ) Civil Action No. 08-250J |
| | ) |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| MARDI I. VINCENT, *Superintendent;* | ) |
| SALVATORE CARDENAS, Sargent, SCI | ) |
| Laurel Highlands, | ) |
| Defendants. | ) |
| | ) |
| | ) |

## **MEMORANDUM OPINION**

Plaintiff, Cornell L. Warren, is a state inmate currently confined at the State Correctional Institution at Laurel Highlands, Pennsylvania. He commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against the superintendent and a sergeant at SCI-Laurel Highlands raising claims of harassment, excessive force used during a cell extraction that occurred on May 16, 2008, at which time his right ring finger was broken, a transfer to SCI-Somerset where he was physically and mentally assaulted, and a transfer back to SCI-Laurel Highlands on September 3, 2008 where he claims he is subject to mental, physical, and emotional abuse.

Plaintiff filed an Amended Complaint on November 6, 2008 (ECF No. 14). In this Document Plaintiff alleged that, on December 13, 2007, he was involved in a physical altercation with four corrections officials at SCI-Laurel Highlands: Captain Wilt, Sergeant Lester, Sergeant Lickdenfeld, and C.O. Acey. As a result of this altercation, Plaintiff pleaded guilty to two counts of simple assault in the Court of Common Pleas of Somerset County, Pennsylvania.

Plaintiff alleges that he has been harassed both mentally and physically by unnamed assailants in response to the 2007 assault. Because of this alleged harassment, Plaintiff wrote to both Defendant Vincent and DOC Secretary Jeffrey Beard, requesting to be transferred to another correctional facility. This request was denied because Plaintiff has a medical condition that requires dialysis, and SCI-Laurel Highlands is the only DOC facility capable of providing that treatment. Plaintiff responded that it was possible for him to be transferred to a federal facility pursuant to 18 U.S.C. § 5003, or to send him to a prison in another State. Plaintiff alleges that Defendant Vincent knew about these avenues through which Plaintiff could be transferred to another facility that was capable of providing medical treatment to him. However, because of Defendant Vincent's deliberate indifference to his plight, Plaintiff remained at SCI-Laurel Highlands, where he avers he continued to suffer physical and mental harassment, including being the target of racial slurs.

Plaintiff further alleged that, on or about May 16, 2008, he was the subject of a cell extraction. He claims that while he was in a prone position during the extraction, an unnamed corrections officer laid the electrical shield on him and shocked him. Plaintiff alleges that after the shield was removed, Defendant Cardenza climbed on his back, whispered "this is for Captain Wilt" in his ear, and broke the ring finger on his right hand while handcuffing him.

After the cell extraction incident, Plaintiff was transferred to the State Correctional Institution at Somerset (SCI-Somerset). While housed at SCI-Somerset, he was routinely sent back to SCI-Laurel Highlands for dialysis, during which time Plaintiff avers he was subjected to physical and mental harassment at the hands of unnamed corrections officers who were "friends or cohorts of Sgt. Cardenza." On September 3, 2008, Plaintiff was transferred back to SCI-

Laurel Highlands. Plaintiff alleges that he continues to be subjected to "mental, physical and emotional abuse" at the hands of unnamed assailants at that correctional facility.

On May 8, 2009, Defendants filed a Motion for Judgment on the Pleadings (ECF No. 37). On January 10, 2010, the Motion was granted as to Plaintiff's equal protection claim and denied in all other respects (ECF No. 58). On May 13, 2010, the Court entered an order directing the Clerk of court to try to find counsel to represent Plaintiff on a pro bono basis (ECF No. 74). On April 21, 2011, counsel accepted representation and entered an appearance.

On July 5, the Court re-opened discovery and entered an order that discovery would close on September 13, 2011. (ECF No. 102). Shortly thereafter, on July 28, 2011, Plaintiff, through newly appointed counsel, filed a Motion for Leave to Amend Complaint (ECF No. 104) to add the following.

- Failure to protect claim against Defendant Vincent;
- Delay of medical treatment claim against Defendants Vincent, Meyer, and John Doe;
- Violation of the Americans with Disabilities Act (ADA); and
- Addition of Defendants David Meyer and John Doe for the delay of medical treatment claim.

For the reasons that follow, Plaintiff's Motion will be granted in part and denied in part.

## Applicable Legal Standards

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In analyzing this rule, the Supreme Court has stated the following.

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Foman v. Davis, 371 U.S. 178, 182 (1962) (internal citation omitted).

Our Court of Appeals has interpreted this language to mean that prejudice to the non-moving party is the touchstone for the denial of an amendment. Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (citing Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978). In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment. *Id*. (citing Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir.1981), *cert. denied*, 455 U.S. 1018 (1982).

In the instant action, Plaintiff originally filed the action *pro se* in October 2008 and vigorously litigated it until counsel was appointed. Counsel was appointed because the case was ready for trial. The Court reopened discovery for the sole purpose of allowing counsel to prepare to try the case. Shortly after appointment, and with a trial date scheduled for February 2012, counsel sought to amend the complaint to restate his original claim of harassment and excessive

force and to allege, in addition, that the Defendants' actions stemming from the same core events constituted failure to protect, delay in medical treatment, and violation of the Americans with Disabilities Act. Plaintiff also seeks to add David Meyer and John Doe as Defendants. The Court is concerned with amending the complaint at this late date, after 3 years of litigation, with a trial date established, as it does not wish to open additional discovery, dispositive motions and further delay the trial of this matter. Defendants have argued that allowing the amendment would lead to motions to dismiss, additional discovery and possibly motions for summary judgment. At a conference on this issue in August of this year the Court advised counsel that allowing the amendment may result in a delay of the trial and they should make sure their client was aware of and comfortable with this possibility.

Having said all of this, Plaintiff was proceeding pro se and did attempt to amend his complaint to allege some additional issues. The late amendment is not being raised in bad faith as counsel filed the motion shortly after their appointment. Giving Plaintiff some leeway for his pro se status, the Court will examine whether the amendments relate back to the original complaint.

Federal Rule 15(c) controls the relation back of amendments and provides as follows.

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> > (A) the law that provides the applicable statute of limitations allows relation back;
> >
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> >
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the

>> period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. Proc. 15(c).

Thus, Rule 15(c) enumerates three distinct prerequisites for an amendment to relate back to the original complaint: 1) the claims in the amended complaint must arise out of the same occurrences set forth in the original complaint; 2) the party to be brought in by amendment must have received notice of the action within 120 days of its institution; and 3) the party to be brought in by amendment must have known, or should have known, that the action would have been brought against the party but for a mistake concerning its identity. Once these requirements are satisfied, Rule 15(c) instructs that the amendment relates back to the date of the original pleading. Plaintiff's proposed amendments will be reviewed under the foregoing rule.

1. <u>Failure to Protect Claim</u>

Plaintiff's failure to protect claim restates the same damages, caused by the same pattern of conduct, that were alleged in the Amended Complaint. Specifically, the failure to protect claim arises from the same conduct, transaction, and occurrences set out in the original pleading. Thus, this amendment relates back and will be allowed.

2.  <u>Medical Treatment Claims</u>

Plaintiff's claim of a subsequent delay of necessary medical treatment is a completely new and distinct incident that does not arise from the same conduct as alleged in the Amended Complaint. Specifically, in his proposed Amended Complaint, Plaintiff seeks to add as defendants those prison officials who made medical decisions for Plaintiff between May 16, 2008 and June 17, 2008. In this regard, he claims that on May 17, 2008, one day after being assaulted, Plaintiff's broken finger was X-rayed and he asked for pain medication. Although immediate follow-up treatment was required, Plaintiff was not examined again until on or about June 2, 2008, when the prison medical director noted his broken finger and referred him to orthopedics, which referred him to surgery. On or about June 9, 2008, Plaintiff filed an additional grievance regarding his broken finger wherein he noted that he had put in several sick calls but nothing had been done. Plaintiff received surgery on or about June 17, 2008.

None of these allegations arose out of the conduct, transaction, or occurrences set out in the original pleading. Thus, none of the medical personnel would have had any reason to suspect that Plaintiff was asserting a medical treatment claim. Moreover, it is patently clear that Plaintiff was aware of this claim well before November 6, 2008, the date he filed his Amended Complaint. As such, the medical treatment claims do not relate back to the Amended Complaint and, therefore, these claims will not be allowed.

3.  <u>ADA Claim</u>

Similar to his failure to protect claim, Plaintiff's ADA claim arises out of the same conduct and occurrences as set forth in his Original Amended Complaint. In this regard, he specifically alleged that he was being treated differently because of his disabilities. In addition,

he alerted Defendants that he wanted to raise a claim under the Americans with Disabilities Act in his Answer to Motion to Dismiss and Memorandum of Law (ECF No. 48).  Accordingly, this claim relates back to the Original Amended Complaint and will be allowed.  An appropriate order follows.

September 22, 2011                              _____
                                                Lisa Pupo Lenihan
                                                United States Magistrate Judge